J. Randolph Huston (SBN 40044)
jrh@wwtwlaw.com
WALKER WRIGHT TYLER & WARD
601 West Fifth Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 629-3571
Fax: (213) 896-0377

David A. Shough
dshough@das-law.com
LAW OFFICE OF DAVID A. SHOUGH
853 Dayton Oxford Rd.
Carlisle, OH 45005
Tel: (937)242-7325
Fax: (937)719-4410

Attorneys for Plaintiff
JAVAJIG, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JAVAJIG, LLC, | Case No. 2:15CV-01314 |
|---|---|
| Plaintiff, | |
| vs. | COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT |
| ADRIAN RIVERA MAYNEZ ENTERPRISES, INC., and ADRIAN RIVERA, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff JavaJig, LLC ("JavaJig"), for its Complaint against Defendants Adrian Rivera Maynez Enterprises, Inc. ("ARM") and Adrian Rivera ("Rivera"), states as follows:

**Parties and Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a).

2. Plaintiff JavaJig is an Ohio limited liability corporation with a place of business at 22 South Saint St., Dayton, Ohio.

3. Defendant ARM, on information and belief, is a Nevada corporation with a place of business at 9737 Bell Ranch Drive, Santa Fe Springs, CA, within this district.

4. Defendant Rivera, on information and belief, is an individual residing in Whittier, California, within this district, and is the sole owner of ARM.

5. Rivera is the named inventor on United States Patent No. 8,720,320, entitled *Pod Adaptor System for Single Service Beverage Brewers* ("the '320 patent). According to pleadings filed by Rivera and ARM before the International Trade Commission, Rivera owns all rights, title and interest in the '320 patent. However, the face of the '320 patent states that the patent is assigned to ARM. Either or both of Rivera and ARM own the '320 patent and/or hold the right to sue for its enforcement. A copy of the '320 patent is filed herewith as Exhibit A.

6. On information and belief, ARM manufactures and sells products that Rivera and ARM consider to be covered by claims of the '320 patent.

7. JavaJig is the manufacturer of the JavaJig beverage filter basket system ("JavaJig basket"), which is sold throughout the United States by JavaJig and by JavaJig's reseller, Melitta USA, Inc ("Melitta"). JavaJig also sells the JavaJig Coffee Maker, a brewing machine in which the JavaJig basket can be used.

8. The JavaJig basket is a refillable single-serving coffee filter basket system with a disposable filter, and is designed, in part, to be used with the popular Keurig and similar single-serve coffee brewers as an alternative to more expensive prepackaged, single-use coffee pods. The JavaJig basket is also useable in other single-serve coffee makers, such as the JavaJig Coffee Maker.

9. The '320 patent describes and claims particular structures for a different type of reusable single-serve coffee container usable in some Keurig-type coffee brewers.

10. Shortly after the '320 patent issued in May, 2014, ARM and Rivera filed a complaint before the International Trade Commission, naming Melitta and others as respondents, and alleging that the respondents imported refillable single-serve coffee baskets that infringe the '320 patent and seeking an order to exclude those products from import. In discussions with Melitta counsel concerning that proceeding, ARM and Rivera asserted that the JavaJig basket infringes at least claims 5 and 8 of the '320 patent and served discovery requests regarding the JavaJig basket.

11. The JavaJig product is currently manufactured in the United States and therefore would not be affected by an ITC exclusion order. Melitta entered into a consent order in the ITC matter agreeing not to import products that infringed the '320 patent.

12. Because of the assertion by ARM and Rivera that the JavaJig basket infringes the '320 patent, and the efforts by ARM and Rivera to enforce that patent against alleged infringers, JavaJig has a reasonable apprehension that it will be sued for patent infringement. Therefore, a justiciable case or controversy exists between JavaJig and ARM and Rivera regarding the infringement, validity and enforceability of the '320 patent.

## First Claim for Relief
## Non-Infringement – with Keurig-type Brewers

13. JavaJig is not an infringer of any valid claim of the '320 patent directly, by contribution, or by inducement, by reason of making, using, selling or offering to sell, or importing the JavaJig basket for use with the Keurig and similar single-serve coffee brewers because that product, even as so used, does not contain every limitation of any valid claim of the '320 patent, literally or equivalently.

## Second Claim for Relief

## Non-Infringement – with JavaJig Coffee Maker

14. JavaJig incorporates by reference the allegations of paragraphs 1-13 above, as if fully restated.

15. JavaJig is not an infringer of any valid claim of the '320 patent directly, by contribution, or by inducement, by reason of making, using, selling or offering to sell, or importing either or both of the JavaJig basket and the JavaJig Coffee Maker for use together, because, as used together, those products do not contain every limitation of any valid claim of the '320 patent, literally or equivalently, in part because the JavaJig Coffee Maker used with the JavaJig basket does not contain, literally or equivalently, the "needle-like structure" disposed below the brewing material and/or designed to receive an outflow of fluid that is a limitation of every claim of the '320 patent.

## Third Claim for Relief

## Invalidity

16. JavaJig incorporates by reference the allegations of paragraphs 14-15 above, as if fully restated.

17. At least claims 1, 3-6. 8-10, 12-14, 16-19, and 21 are invalid under 15 U.S.C. §§ 102 or 103 or both, in part because of the prior art reuse of Keurig-type coffee cartridges, which, on information and belief, was publicly practiced and/or described in a printed publication prior to alleged invention of or more than one year before the filing of the application for the '320 patent.  These allegations are likely to have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

18. To the extent any of claims 2, 7, 11, 15, and 20 are construed in a way to cover the structure of the JavaJig product when used with a brewer, those claims are invalid under 15 U.S.C. §§ 102 or 103 or both, in part because of the prior art reuse of Keurig-type coffee cartridges, which, on information and belief,

was publicly practiced and/or described in a printed publication prior to alleged invention of or more than one year before the filing of the application for the '320 patent. These allegations are likely to have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

## Fourth Claim for Relief

## Unenforceability

19. JavaJig incorporates by reference the allegations of paragraphs 16-18 above, as if fully restated.

20. During the prosecution of the application that led to the '320 patent, that application was deemed abandoned by the United States Patent and Trademark Office ("USPTO") for failure to respond, for more than six months, to an office action rejecting all pending claims.

21. Rivera's patent counsel at the time was informed of the pending abandonment determination and confirmed to the USPTO that no response had been filed.

22. Nevertheless, nearly two months after Rivera was informed, through counsel, of the abandonment notice, Rivera, through that same counsel, submitted a petition to revive the application, claiming that the application had been unintentionally abandoned and that the entire delay in responding was unintentional.

23. On information and belief, that statement was false, in that Rivera had previously determined not to proceed with the application, letting the application lapse, and then later decided instead to proceed. Therefore, at least part of the delay in responding to the previous office action was not unintentional.

24. On information and belief, the statement that the entire delay was unintentional was knowingly false and made with the intention of misleading, and did in fact mislead, the USPTO into granting revival of the application, which eventually issued as the '320 patent.

25. But for Rivera's intentionally false and misleading statement to the USPTO, the '320 patent would not have issued. Under principals of equity, the '320 patent should be ruled unenforceable in its entirety by reason of this inequitable conduct.

26. The allegations made in this claim for relief are likely to have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

## Prayer for Relief

Wherefore, JavaJig respectfully demands that the Court enter judgment as follows:

A) That JavaJig is not an infringer of any valid claim of the '320 patent directly, by contribution, or by inducement, by reason of making, using, selling or offering to sell, or importing into the United States, the JavaJig basket for use with the Keurig and similar single-serve coffee brewers.

B) That JavaJig is not an infringer of any valid claim of the '320 patent directly, by contribution, or by inducement, by reason of making, using, selling or offering to sell, or importing into the United States, either or both of the JavaJig basket and the JavaJig Coffee Maker for use together.

C) That claims of the '320 patent are invalid;

D) That the '320 patent is unenforceable for inequitable conduct; and

E) That JavaJig is entitled to such other and further relief and the Court deems just and appropriate.

Respectfully submitted,

DATED: February 24, 2015            WALKER WRIGHT TYLER & WARD

                                    By:   /S/
                                        J. Randolph Huston
                                    Attorneys for Plaintiff JavaJig LLC