1  J. Randolph Huston (SBN 40044)
   jrh@wwtwlaw.com
2  WALKER WRIGHT TYLER & WARD
   601 West Fifth Street, 8th Floor
3  Los Angeles, CA  90071
   Tel: (213) 629-3571
4  Fax: (213) 896-0377

5  David A. Shough
   dshough@das-law.com
6  LAW OFFICE OF DAVID A. SHOUGH
   853 Dayton Oxford Rd.
7  Carlisle, OH 45005
   Tel: (937)242-7325
8  Fax: (937)719-4410

9  Attorneys for Plaintiff
   JAVAJIG, LLC
10

11 DOLL AMIR & ELEY LLP
   GREGORY L. DOLL (SBN 193205)
12 gdoll@dollamir.com
   1888 Century Park East, Suite 1850
13 Los Angeles, California 90067
   Tel: 310.557.9100
14 Fax: 310.557.9101

15 THE FUISZ-KUNDU GROUP LLP
   JOHN R. FUISZ
16 jfuisz@fuiszkundu.com
   1455 Pennsylvania Avenue NW, Suite 400
17 Washington, DC 20004
   Tel: 202.621.1889
18 Fax: 202.652.2309

19 Attorneys for Defendant,
   ADRIAN RIVERA
20

21              UNITED STATES DISTRICT COURT
22              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 23  JAVAJIG, LLC, | Case No. 2:15-CV-01314 JVS (JCx) |
| 24           Plaintiff, | |
| 25  vs. | JOINT RULE 26(F) REPORT |
| 26 | |
| 27  ADRIAN RIVERA | |
| 28 | |

JOINT RULE 26(F) REPORT
1

Defendant.

Pursuant to Rule 26(f), Fed. R. Civ. P., Plaintiff JavaJig, LLC ("JavaJig") and Defendant Adrian Rivera ("Rivera") present this joint report following their conference on June 23, 2015.

**a. Synopsis Of The Case**

1. Main Claims:

**Synopsis by Plaintiff:** The complaint seeks a declaratory judgment the United States Patent No. 8,720,320 ("the '320 patent") is invalid and/or is not infringed by JavaJig through the manufacture and sale of its JavaJig refillable coffee filter system.

The claims of the '320 patent are all directed to the combination of a coffee filter and a coffee brewer, specifically a coffee brewer that contains a "needle-like structure" below the coffee filter, such as the popular single-serve coffee brewers sold by Keurig. The JavaJig filter system is sold, in part, for use with such brewers. The First Claim for Relief alleges that the JavaJig filter system does not infringe when used with such brewers because of differences between the JavaJig filter system and the filter system claimed in the patent.

Additionally, the JavaJig filter system is sold with and sold for use with the JavaJig coffee brewer, which does not contain a "needle-like structure" when used with the JavaJig coffee filter system. Therefore, the Second Claim for Relief alleges that the this combination does not infringe for that additional reason, regardless of whether there is infringement when used with the Keurig-type brewers.

The Third Claim for Relief additionally alleges that some or all of the claims of the '320 patent are invalid.

Because of the pending Rule 12 motion to dismiss, Defendant has not yet pled in response to the complaint; therefore, it is not yet known to

what extent Mr. Rivera denies the allegations of the Amended Complaint.

**Synopsis by Defendant:** Defendant denies that there is a pending case-or-controversy with JavaJig and has a Rule 12(b)(1) motion pending.

2. Counterclaims:

Because of the pending Rule 12 motion to dismiss, Defendant has not yet pled in response to the complaint; therefore, no counterclaims have been stated. In the event that the case is not dismissed, Defendant anticipates filing required compulsory counterclaims against Plaintiff and other related parties, including Melitta.

b. **Legal Issues**

In addition to the pending Rule 12 motion to dismiss, the parties expect this case will involve the typical legal issues that arise in typical patent case, including claim construction.

c. **Damages**

Because of the pending Rule 12 motion to dismiss, Defendant has not yet pled in response to the complaint; therefore, no counterclaims, and, therefore, no claims for damages have been stated.  In the event that the case is not dismissed, Defendant anticipates requesting damages in the form of a reasonable royalty or lost profits for product not otherwise subject to the ITC Consent Order.

d. **Insurance**

Insurance coverage is not applicable in this case.

e. **Motions**

Apart from the pending motion and possible motions for summary judgment, the parties do not anticipate other motions at this time.

f. **Discovery and Experts**

1. What, if any, changes in the disclosures under R. 26(a) should be made
   None.

2. Subjects on which discovery may be needed

    Patent infringement, patent validity, and, if a damages counterclaim is stated, damages, including possibly lost profits.

3. Whether discovery should be conducted in phases or otherwise limited

**Plaintiff:** Pursant to the Court's initial order, discovery related to infringement and invalidity will be phased according to the procedures set forth in the Local Patent Rules for the Northern District of California.

**Defendant:** Defendant proposes modification of the local rules to account for pending actions in the Washington district court and the ITC that pertain to claim construction of the '320 patent.

4. What discovery has been conducted thus far

    Only Rule 26(a) disclosures.

5. Whether applicable limitations should be changed or additional limitation should be imposed.

    None requested.

6. Whether the Court should enter other orders

    The parties anticipate filing a joint request for a protective order protecting the confidentiality of documents and information produced in discovery. The parties do not anticipate the need for other orders.

7. How many depositions each side will conduct

**Plaintiff:** Subject to reviewing the defenses and counterclaims stated by Defendant, Plaintiff currently anticipates taking depositions of Mr. Rivera, other witnesses identified by Defendant and Defendant's expert witnesse[s], if any.

**Defendant:** Defendant currently anticipate taking one or more depositions of JavaJig on issue including jurisdiction, infringement, invalidity and damages, one or more depositions of Melitta

8. The proposed time of expert witness disclosures under F.R.Civ.P. 26(a)(2)

Addressed in the proposed timetable attached as Exhibit A.

9. Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

The parties do not anticipate extensive production of ESI and propose producing it in PDF form.

10. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order.

The proposed protective order will address the issue of inadvertent disclosure. The parties do not anticipate the need for further orders.

**g. Dispositive motions**

After the Court's ruling on claim construction, the parties believe issues of infringement and validity may be amenable to determination by summary judgment.

**h. Settlement and Settlement Mechanism**

1. Settlement Discussions That Have Occurred:
   The parties have engaged in settlement discussions through counsel.
2. Selection of ADR Procedure:
   The parties select mediation before a member of the Court Mediation Panel.

**i. Trial Estimate**

1. Estimated Time for Trial: Depending on claims remaining after pleading is completed and after summary judgment rulings, the parties anticipate trial will take four days or less.
2. Type of Trial: Jury Trial
3. Number of Witnesses for the Plaintiff:
   Plaintiff anticipates approximately six witnesses (including Plaintiff), plus at least one expert witness.

4. Number of Witnesses for the Defendant: Defendant anticipates approximately 6 witnesses (including Defendant), plus at least two expert witnesses.

**j. Timetable:**

See Exhibit A, attached.

**k. Other issues:**

**Defendant:** Defendant requests coordination of all pending cases relating to the '320 patent so as not to unnecessarily duplicate matters before the court. Currently pending is ITC Investigation No. 337-TA-929, which has been heard and post-trial briefing completed on July 10, 2015. The ALJ initial determination is due on or before September 8, 2015. Eko Brands defaulted at the ITC but then filed a declaratory judgment of invalidity of the '320 patent in the Western District of Washington. JavJig's customer, entered into a consent order and JavaJig has filed a declaratory judgment of invalidity and non-infringement before this Court.

**l. Conflicts**

**Plaintiff:**

| Entity | Relationship to JavaJig, LLC |
|---|---|
| Terra Verde Trading Co., LLC | part-owner |
| IYOO, LLC | part owner |
| Melitta USA, Inc. | primary purchaser of accused product |

**Defendant:** Defendant is an individual.

**m. Patent Cases**

As directed, the parties will follow the rules for patent cases that have been adopted by the Northern District of California. The proposed disclosure

dates, which depend in part on the date of the ruling on the pending motion to dismiss, are set forth in the attached Exhibit A.

**n. Magistrates**

**Joint Statement:** Because District Judge Selna is a member of the district's patent pilot project, the parties prefer the case be heard by the District Judge.

Respectfully submitted,

DATED: July 13, 2015				LAW OFFICE OF DAVID A. SHOUGH

						By:___/S/_____
						    David A. Shough
						Attorneys for Plaintiff JavaJig, LLC.

DATED: July 13, 2015				FUISZ CHEN KUNDU LLP

						By: /s/ John R. Fuisz
						John R. Fuisz
						Attorneys for Defendant,
						ADRIAN RIVERA

# EXHIBIT A – PROPOSED SCHEDULE

The proposed schedule below proceeds from the initial step of service of the Disclosure of Asserted Claims and Infringement Contentions (pursuant to Patent Rule 3-1 & 3-2).  The date for that event is estimated because (1) the '320 patent is the subject of a proceeding before the International Trade Commission, and an Initial Determination in that case, which could affect claim construction and validity of the patent, is expected on September 8, 2015, and (2) due to the pendency of the Rule 12 motion to dismiss, the pleadings are not complete.  The estimated Sept. 14 disclosure date assumes a motion ruling in July 2015, to allow time for service of an answer and counterclaim, if any, and of an answer to any counterclaim.

Deadlines following claim construction are dependent on the date of the claim construction ruling and are stated in that form.

| Matter | Time | Weeks before trial | Joint Request (Insert specific date) | Court Order |
|---|---|---|---|---|
| Trial date (jury) Estimated length:     4 days or less. | 8:30 a.m. (Tuesdays) | | Tuesday at least 182 days after ruling.  (9/27/16 if ruling were 3/28/16) | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 a.m. (Mondays) | -2 | Monday at least 168 days after ruling | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -3 | 161 days after ruling | |
| Last day for hand-serving Motions in Limine | | -6 | 140 days after ruling | |

JOINT RULE 26(F) REPORT
9

| | | | | |
|---|---|---|---|---|
| Last day for hearing motions | 1:30 p.m. (Mondays) | -7 | Monday at least 133 days after ruling | |
| Last day for hand-serving motions and filing (other than Motions in Limine). Please note extended notice requirements for motions for summary judgment under F.R.Civ. P. 56(c). | | -11 | 112 days after ruling | |
| Non-expert Discovery cut-off | | -15 | 84 days after ruling | |
| Expert discovery cut-off | | | 84 days after ruling | |
| Rebuttal Expert Witness Disclosure | | | 42 days after ruling | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | | 21 days after claim constr. ruling | |
| Claim Construction Hearing | | | 3/21/16 | |
| File concurrent reply briefs on Claim Construction (Patent Rule 4-5, modified by Court's procedure) | 14 days after opening briefs | | 2/29/16 | |
| File concurrent opening briefs on Claim Construction (Patent Rule 4-5, modified by Court's procedure) | 45 days after Joint Claim Constr. Statement | | 2/15/16 | |
| Completion of Claim Construction Discovery (Patent Rule 4-4) | 30 days after Joint Claim Constr. Statement | | 2/01/16 | |
| File Joint Claim Construction and Prehearing Statement (Patent Rule 4-3) | 60 days after Invalidity Cont's | | 12/31/15 (adjusted due to holiday) | |

JOINT RULE 26(F) REPORT

| | | | | |
|---|---|---|---|---|
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent Rule 4-2) | 21 days after exchange f proposed terms | | 12/03/15 | |
| Exchange of Proposed Terms for Construction (Patent Rule 4-1) | 14 days after Invalidity Cont's | | 11/12/15 | |
| Serve Invalidity Contentions (Patent Rule 3-3, 3-4) | 45 days after Infringe't Cont's | | 10/29/15 | |
| Serve Disclosure of Asserted Claims and Infringement Contentions. (Patent Rule 3-1, 3-2) | 14 days after Case Mgmt Conf | | 9/14/15 | |
| Last day to conduct Settlement Conference | | | | |
| Last day to amend pleadings or add parties | . | | | |

JOINT RULE 26(F) REPORT
11